UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE BELL,

       Petitioner,

                                CASE NO. 2:10-CV-12000
v.                             JUDGE NANCY G. EDMUNDS
                                MAGISTRATE JUDGE PAUL KOMIVES

C. ZYCH,

       Respondent.
_____/

## **REPORT AND RECOMMENDATION**

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus. However, the Court should grant petitioner a certificate of appealability.

II.    REPORT:

A.    *Procedural Background*

Petitioner Eddie Bell is a federal prisoner currently confined at the Federal Correctional Institution in Milan, Michigan. On September 30, 2004, petitioner was sentenced to a term of 100 months' imprisonment and three years' supervised release following his conviction for possession of a firearm by a felon, 18 U.S.C. § 922(g). Petitioner's projected release date is May 27, 2001. On May 18, 2010, petitioner filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner's application challenges the Bureau of Prison's determination regarding his eligibility for placement in a community corrections center ("CCC"), also known as a residential reentry center ("RRC").

On October 29, 2009, BOP officials conducted a review of petitioner's eligibility for RRC placement pursuant to the Second Chance Act, determining that a placement in an RRC for the last 150-180 days of petitioner's sentence was appropriate in his case. *See* Gov't's Br., Ex. 2. Petitioner

filed a Request for Administrative Remedy with the warden, arguing that the BOP officials conducting the Second Chance Act review failed to consider him eligible for placement in an RRC for the 12 months allowed by the Act. The warden denied the request for administrative remedy. *See id*, Ex. 3. Petitioner thereafter filed an administrative appeal with the North Central Regional Office. The appeal was denied on December 23, 2009. *See id.*, Ex. 4. Petitioner's subsequent Central Office Administrative Remedy Appeal was denied on May 17, 2010. *See id.*, Ex. 5.

B.  *Analysis*

Until recently, the regulations governing RRC placement categorically limited the BOP's authority to designate an inmate to a CCC until the last 10% of the inmate's sentence, and limited such placement to no more than six months. *See* 28 C.F.R. §§ 570.20-.21. Four circuit courts, the only appellate courts to have considered the issues, concluded that the BOP's regulations conflict with the plain language of 18 U.S.C. § 3621(b), which grants the BOP discretion to designate the prisoner's place of confinement but requires that the BOP, in exercising this discretion, consider five specific factors relating to the individual prisoner. *See* 18 U.S.C. § 3621(b); *see Wedelstedt v. Wiley*, 477 F.3d 1160, 1166-68 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71, 87 (2d Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006); *Woodall v. Federal Bur. of Prisons*, 432 F.3d 235, 237 (3d Cir. 2005). In response to these decisions, Congress enacted and the President signed into law the Second Chance Act, Pub. L. No. 110-199, 122 Stat. 657 (Apr. 9, 2008). As explained by another court:

> Relevant to the issues presented here, the Act amended 18 U.S.C. § 3624(c). Amended section 3624(c)(1) authorizes the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment. Amended section 3624(c)(4) also states that nothing in section 3624 "shall be construed to limit or restrict the authority of the Director or of the Bureau of Prisons under [18 U.S.C. § 3621, the statute

> empowering the BOP to take a convict into custody and designate a place of imprisonment.]" The Act requires the BOP to issue new RRC regulations within 90 days. 18 U.S.C. § 3624(c)(6) (amended).
>
> In accordance with the Second Chance Act, on April 14, 2008, the BOP issued an interim policy memorandum on RRC placement considerations. The memorandum states that the "categorical timeframe limitations on prerelease community confinement" found in 28 C.F.R. §§ 570.20 and 570.21 (i.e., the ten percent limit that Petitioner challenges in this petition) "are no longer applicable and must no longer be followed." The memorandum further requires that RRC placement decisions be made on an individual basis with reference to the five-factor criteria set out in section 3621(b). Inmates previously denied RRC placement, such as Petitioner, were to be reconsidered under the standards set out in the memorandum.

*Montes v. Sanders*, No. CV 07-7284, 2008 WL 2844494, at *1 (C.D. Cal. July 22, 2008).

Here, it is clear that petitioner was given the individualized consideration required by the Second Chance Act, as reflected in the Second Chance review conducted by BOP officials and the responses to petitioner's administrative grievances. Petitioner nevertheless contends that the BOP violated the Second Chance because two memoranda pursuant to which his review was conducted run counter to the Act's provisions. An April 14, 2008, memorandum states that the BOP's "experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less," and directs that if the reviewing staff determine that "prerelease RRC placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence." The second memorandum, dated November 14, 2008, provides that a greater than six month RRC placement should be granted only where there are "unusual or extraordinary circumstances." Petitioner argues that "[t]his language effective chills staff discretion because staff is aware of the institutional preference for a RRC placement of six months or less, which is a preference that is contrary to the apparent purpose of the Second Chance Act[.]"

Two district courts have accepted this argument, explaining:

3

> It is clear to this court that by increasing the maximum placement period from six months to twelve months, and requiring the BOP to ensure that placements are long enough to provide "the greatest likelihood of successful reintegration," Congress intended that each inmate be considered for the full twelve month period of RRC placement with the only limitation being the application of the § 3621(b) factors. See 18 U.S.C. § 3624(c)(1), (6). The BOP's memoranda add additional hurdles that find no support in the text of the Second Chance Act. While it may be true that any given prisoner need not be placed in a RRC for longer than six months, it is not universally true that every prisoner will benefit from the same limitations. By depriving the initial decision maker of the ability to recommend placement unfettered by a presumptive six month cap, the BOP significantly reduces the possibility of a truly individualized review that objectively determines the duration required "to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). Accordingly, because the duration of [petitioner's] RRC placement was determined pursuant to these impermissible limitations, the BOP abused its discretion in deciding that [petitioner's] placement would be for five to six months.

*Krueger v. Martinez*, 665 F. Supp. 2d 477, 483 (M.D. Pa. 2009); *see also*, *Strong v. Schultz*, 599 F. Supp. 2d 556, 562-63 (D.N.J. 2009). Every other court to have considered the issue, however, has rejected this analysis. These courts recognize that 18 U.S.C. § 3624, as amended by the Second Chance Act, is still phrased in the permissive "may," and that the implementing memoranda do not place a categorical restriction of six months in contravention of the Second Chance Act, but merely reflect a presumption based on the BOP's experience. *See, e.g.*, *Berlin v. Bledsoe*, No. 1:CV-10-01092, 2010 WL 3528571, at *4 (M.D. Pa. Sept. 8, 2010); *Banks v. Ziegler*, No. 5:10cv69, 2010 WL 3521586, at *5-*6 (N.D. W. Va. Sept. 7, 2010); *Michael v. Shartle*, No. 4:10CV1132, 2010 WL 2817223, at *2-*3 (N.D. Ohio July 16, 2010); *Bernard v. Roal*, 716 F. Supp. 2d 354, ___, 2010 WL 2308198, at *5-*6 (S.D.N.Y. June 10, 2010); *Ebeck v. Anderson*, No. 09-3371-CV, 2010 WL 234762, at *2 (W.D. Mo. Jan. 13, 2001). In light of the language of the Second Chance Act and the BOP's implementing memoranda and regulations, the reasoning of these courts is more persuasive than *Krueger* and *Strong*. As the Tenth Circuit has recognized, "the BOP memoranda . . . indicate

4

that 'BOP recognizes its authority to place inmates in RRCs and/or CCCs for periods of time exceeding six months' and do not reflect any policy of categorical denial." *Garza v. Davis*, 596 F.3d 1198, 1204 (10th Cir. 2010) (quoting *Ciocchetti v. Wiley*, 358 Fed. Appx. 20, 24 (10th Cir. 2009)).[1]

Thus, the BOP complied with the Second Chance Act by giving him the individualized consideration for RRC placement required by the Act. It was within the BOP's discretion to determine, in the context of this individualized consideration, the appropriate amount of time for petitioner to be placed in an RRC prior to the expiration of his sentence, and petitioner had no right to placement in an RRC at all, or for any particular length of time. "Although RRC placement is helpful for readjustment to society, a federal prisoner does not have a federal right to serve the final twelve months of his sentence in a RRC. While the Second Chance Act allows the BOP to place an inmate in an RRC for as much as twelve months of his sentence, it does not automatically entitle, or guarantee, any prisoner placement in a[n] RRC." *Chapman v. Shartle*, No. 4:10CV1897, 2010 WL 3958751, at *2 (N.D. Ohio Oct. 08, 2010) (citing *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir.2009)); *see also*, *McCarthy v. Federal Bureau of Prisons*, No. 10-745, 2010 WL 4320507, at *2 (D. Minn. Sept. 29, 2010); *Fournier v. Zickefoose*, 620 F. Supp. 2d 313, 318 (D. Conn. 2009). Nor is petitioner entitled to placement in an RRC for a particular length of time based on his completion of a Residential Drug Abuse Program (RDAP), or any other reentry program. The statute governing

---

[1] No court of appeals has yet considered the question presented here and addressed in the district court cases discussed above. *Garza* is not directly on point because the question in that case was whether exhaustion of the petitioner's claim could be excused because such exhaustion would be futile. Nevertheless, the *Garza* court's reasoning–that the BOP memoranda demonstrate the BOP's recognition of its discretion and do not erect a categorical exclusion–leads to the conclusion that the Tenth Circuit, along with the majority of district courts, views petitioner's claim as lacking merit. The Tenth Circuit itself reached this conclusion in an unpublished decision pre-dating *Garza*, *see Bun v. Wiley*, 351 Fed. Appx. 267, 268 (10th Cir. 2009), and one district court within the Tenth Circuit has read the reasoning of *Garza* as resolving the claim raised by petitioner on the merits, *see Crabbe v. Davis*, No. 10-CV-00050, 2010 WL 2998763, at *8 (D. Colo. July 9, 2010).

5

reentry programs directs the Attorney General to establish reentry programs and provides that "[i]ncentives for a prisoner who participates in reentry and skills development programs which *may, at the discretion of the Director*, include . . . the maximum allowable period in a community confinement facility." 42 U.S.C. § 17541(a)(2)(A) (emphasis added). As the highlighted language indicates, this determination is left to the BOP's discretion, and thus successful completion of a reentry program does not entitle a prisoner to placement in an RRC for any particular period of time. *See Rivera v. Schultz*, No. 09-6133, 2010 WL 4366122, at *3 (D.N.J. Oct. 27, 2010). And it is clear that the BOP considered petitioner's participation in the RDAP and his other rehabilitative efforts in setting his RRC placement. *See* Gov't's Br., Exs. 2 & 5.

In short, "the Second Chance Act does not guarantee a one-year RRC placement, but only directs the Bureau of Prisons to consider placing an inmate in a RRC for up to the final twelve months of his or her sentence. Because the [BOP] considered the appropriate factors and followed proper procedure in its recommendation that [petitioner] be placed in a[n] RRC for 150-180 days, [petitioner's] habeas petition [is] properly dismissed." *Lovett v. Hogsten*, No. 09-5605, 2009 WL 5851205, at *1 (6th Cir. Dec. 29, 2009) (per curiam order). Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

C. *Recommendation Regarding Certificate of Appealability*

    1. *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of

7

Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2. *Analysis*

Here, if the Court accepts my recommendation regarding petitioner's habeas application the Court, the Court should nonetheless conclude that petitioner is entitled to a certificate of appealability. Although, as discussed above, the majority of courts to have considered the issue have rejected petitioner's claim, two courts have reached the opposite conclusion. Further, no court of appeals has considered the issue. In light of this dearth of court of appeals caselaw on the matter, and the split in the district courts, it cannot be said that the Court's resolution of the issue would be beyond reasonable debate. Accordingly, although the Court should deny petitioner's application for the writ of habeas corpus, the Court should grant petitioner a certificate of appealability.

D. *Conclusion*

In view of the foregoing, the Court should deny petitioner's application for the writ of habeas corpus, but should grant petitioner a certificate of appealability.

III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505

(6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 11/16/10

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on November 16, 2010.

s/Eddrey Butts
Case Manager